FILED

OCT 1 4 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**3 PAGES**
PATRICK KAVANAGH, Bar No. 99829
**LAW OFFICES OF PATRICK KAVANAGH**
1331 "L" Street
Bakersfield, CA 93301
(661) 322-5553

# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of<br><br>ARTHUR MYUNGHOON PARK<br><br>Debtor. | Case No. 04-12777-B-7K<br>Adversary No. 04-1306<br><br>Chapter 7<br><br>DC-PK-6<br><br>PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW |

1.  This matter came on regularly for a motion for summary judgment on September 1, 2005.

2.  A complaint was filed on September 30, 2004, and a summons was issued and an answer was filed.

3.  On December 12, 2004, an order was entered pursuant to stipulation consolidating the herein adversary proceedings No. 04-1306 (Patrick Kavanagh vs. Arthur Myunghoon Park, complaint to deny discharge), and adversary proceeding No. 04-1318 (Patrick Kavanagh vs. Ginsook Park and Arthur Myunghoon Park, complaint to recover money or property, etc), for the purposes of discovery only.

117

4. On or about December 27, 2004, discovery responses by Ginsook Park were due. These discovery responses covered the bulk of the community financial records in that Dr. Park previously testified at a meeting of creditors that he did not have a checking account and his wife dispersed the funds of a previous paycheck through other funds received.

5. On December 27, 2004 these documents were not provided.

6. On February 2, 2005 Patrick Kavanagh filed a motion to compel production of certain documents and filed to compel answers to interrogatories and request for production of documents.

7. On March 9, 2005, a stipulation was filed with this court regarding discovery disagreements. That document was filed under document number 39 in adversary No. 04-1318. It provided in pertinent part that on February 17, 2005, Mr. Brumfield and Mr. Kavanagh met, and defendant Ginsook Park agreed to produce all documents in her possession, custody and control relevant to the demand for the request for the production of documents. The defendant Ginsook Park further agreed that she would answer plaintiff's interrogatories on or before March 15, 2005, and on the condition that "defendant responds fully and completely to the above referenced discovery request," plaintiff would dismiss the motion to compel that was continued to March 21, 2005.

8. That stipulation was filed with 26 pages of Exhibits regarding the specifics for the production of documents and answers to the interrogatories.

9. Despite the stipulation, no documents were provided.

10. On or about April 11, 2005, Patrick Kavanagh filed a second motion to compel titled "Motion to Compel Responses to Discovery Request for Sanctions (PK-4)."

11. In response to second motion, Ginsook Park entered a declaration that said that she had no documents.

12. On May 12, 2005, a hearing was held on the second motion to compel. In light of the non-existing document, the motion to compel was not granted.

13. On August 8, 2005, a Motion to Compel responses to interrogatories and request for production of documents against Dr. Park were also filed.

14. Pursuant to section 727(a)(3) the debtor had a duty to keep and preserve financial records by which finances could be ascertained.

15. The foregoing establishes a failure to maintain such records.

DATED: 10/14/05

W. RICHARD LEE
U.S. BANKRUPTCY COURT JUDGE

SUBMITTED BY:

DATED: September 29, 2005                /s/ Patrick Kavanagh
                                          PATRICK KAVANAGH

APPROVED AS TO FORM

DATED: September 29, 2005

                                          /s/ Robert A. Brumfield
                                          ROBERT A. BRUMFIELD
                                          ATTORNEY FOR DEBTOR/
                                          DEFENDENT ARTHUR M. PARK